FILED
FEB 0 9 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KURT DAYTON GEHRING,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 07-1686-AC

FINDINGS AND RECOMMENDATION

THOMAS J. HESTER
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

JOHN R. KROGER
Attorney General
LESTER R. HUNTSINGER
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus should be DENIED, and this action should be DISMISSED.

## BACKGROUND

On May 13, 1975, Petitioner was convicted on charges of Sodomy in the First Degree and Kidnaping in the Second Degree. The trial judge sentenced Petitioner to 20 years on the Sodomy conviction, to be served consecutively to a sentence for a previous conviction, and 10 years on the Kidnaping conviction, to be served consecutively to the Sodomy sentence.

On July 15, 1975, Petitioner was convicted of Rape in the First Degree and Sodomy in the First Degree. The trial judge found Petitioner was a dangerous offender and sentenced him to 30 years on each conviction to be served consecutively to the previously imposed sentences and to each other. On August 8, 1975, Petitioner was convicted of Kidnaping in the Second Degree and sentenced to 10 years, to be served consecutively to the previous sentences.

All of the 1975 sentences were imposed under the discretionary parole system. On July 31, 1985, Petitioner opted into the matrix parole system. Under the matrix scheme, in January 1987 Petitioner was released to parole.

In June 1987, Petitioner's parole was revoked. On October 27, 1987, Petitioner was convicted on two counts of Kidnaping in the First Degree. The trial judge sentenced Petitioner as

a dangerous offender to 30 years on each conviction to be served consecutively to previous convictions and to each other.

The Oregon Board of Parole and Post-Prison Supervision (the "Board") set a new parole consideration date in December 1998 on all of Petitioner's sentences. In July 1998, the Board deferred Petitioner's parole consideration hearing date for 24 months. In July 2000, the Board again deferred Petitioner's parole consideration hearing date, for another 24 months.

In preparation for Petitioner's next parole consideration hearing, on August 29, 2002, Frank P. Colistro, Ed.D. conducted a psychological evaluation interview with Petitioner.    On September 13, 2002, Dr. Colistro issued a report setting forth his evaluation and recommendation. Upon receipt of Dr. Colistro's report, the Board required Petitioner to participate in a second psychological evaluation with Robert Stuckey, Ph.D. Dr. Stuckey issued his report on October 13, 2002.

On November 20, 2002, the Board conducted a parole consideration hearing with Petitioner. The resulting Board Action Form ("BAF") #6, dated November 20, 2002, and mailed on November 28, 2002, deferred Petitioner's parole consideration date for another 24 months.

Petitioner sought administrative review of BAF #6. Petitioner alleged the Board's decision was not supported by sufficient evidence or a proper diagnosis, each of which were required by state law. Petitioner also alleged these failures to meet the State's statutory obligations deprived him of due process under the United States Constitution. The Board denied relief in Administrative Review Response ("ARR") #5, dated February 21, 2003, and mailed to Petitioner on March 3, 2003.

Petitioner filed a Motion for Leave to Proceed with Judicial Review which presented two

substantial questions:

    1.    Was there substantial evidence or even a preponderance of the evidence to support the board's finding that petitioner remained dangerous?

    2.    Was the board's action inconsistent with its own rule at the time of petitioner's commitment offenses that required a formal diagnosis as a prerequisite before it could determine whether or not the condition which made petitioner dangerous was absent or in remission?

Resp. Exh. 104, p. 4. In his argument in support of the first question, Petitioner noted that the

psychological evaluations relied upon by the Board were invalid because state law at the time of

Petitioner's crimes required an examination by a psychiatrist, not a psychologist. On March 12,

2004, the Oregon Court of Appeals granted Petitioner's Motion.

In his appellate brief, Petitioner argued the Board failed to follow the law in two respects:

(1) the applicable statutes "did not allow for evaluation of a dangerous offender by a psychologist,"

and, (2) denial of parole for a dangerous offender had to be based on a supporting "diagnosis,"

which was lacking in Petitioner's case. He also argued that the record lacked adequate evidence

to support the deferral of parole. Petitioner's arguments were based entirely on state law; at no

point in the brief did Petitioner argue the Board's actions violated federal due process or *ex post*

*facto* protections. The Oregon Court of Appeals affirmed the Board's decision without opinion.

*Gehring v. Board of Parole and Post-Prison Supervision*, 342 Or. 416, 148 P.3d 925 (2006).

Petitioner sought review from the Oregon Supreme Court. In his Petition for Review, he

set forth three Questions Presented:

    Question 1. When a statute explicitly requires an administrative agency to make an affirmative finding, is the objection to the finding in the words of the statute

sufficient to exhaust administrative remedies as to that required finding? Therefore, does the board's finding under ORS 144.228(1)(b) (1987) necessarily require the board to also find that the condition making petitioner dangerous is the same condition that made petitioner dangerous at the time of his sentencing?

Question 2. Did the Court of Appeals err in ruling that the board was not required to comply with ORS 144.228 (1987) and have petitioner examined by a psychiatrist?

Question 3. Does a psychological report stating that an inmate has "features" of an antisocial personality disorder constitute a sufficient diagnosis to satisfy board rule OAR 255-38-005(1)?

Resp. Exh. 108, pp. 6-7. In his argument, Petitioner stated:

By its arbitrary disregard of applicable provisions of law and its unauthorized delay in setting a parole release date for petitioner, the board is increasing petitioner's term of incarceration and violating petitioner's due process rights under the federal Constitution. *See Whalen v. United States*, 445 U.S. 684, 689-904 n.4 (1980) (a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence also violates the defendant's due process rights under the federal Constitution); *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (same).

Resp. Exh. 108, p. 11. The Supreme Court denied review. *Gehring v. Board of Parole and Post-Prison Supervision*, 342 Or. 416, 154 P.3d 722 (2007).

Currently before this Court is Petitioner's Amended Petition for Writ of Habeas Corpus. Petitioner alleges three claims for relief: (1) the Board violated Petitioner's rights under the Due Process Clause when it determined there was substantial evidence the condition that made Petitioner dangerous was not absent or in remission; (2) the Board violated Petitioner's rights under the Due Process Clause when deferred Petitioner's parole consideration date based upon a report that did not contain a diagnosis of Present Severe Emotional Disturbance; and (3) the Board violated Petitioner's rights under the Due Process Clause and the *Ex Post Facto* Clause when it

used reports prepared by psychologists, rather than a psychiatrist, to defer Petitioner's parole consideration date.

Respondent argues Petitioner procedurally defaulted all three claims for relief because he failed to fairly present them to the state courts and the time to do so has expired. In addition, Respondent argues, the claims should be denied because they lack merit.

## LEGAL STANDARDS

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (*e.g.*, state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson,* 501 U.S. 722 (1991) (requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003); *Anderson v. Harless*, 459 U.S. 4 (1982). A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label his claim "federal." *Baldwin*, 541 U.S. at 32; *Gray v. Netherland*, 518 U.S. 152, 162-

63 (1996). It is not enough that all the facts necessary to support the federal claim were available to the state courts, or that somewhat similar claims were made. *Anderson*, 459 U.S. at 6. It is also not sufficient to raise the federal claim in "a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are procedurally defaulted in federal court. *O'Sullivan*, 526 U.S. at 848. When a claim is procedurally defaulted, federal habeas review is barred "unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

## DISCUSSION

### I.    Due Process Claims

Petitioner did not present the claims alleged in this action as federal due process claims to the Oregon Court of Appeals. As noted, Petitioner's brief on appeal did not cite to the Federal Constitution, any amendment, or a single federal case; he argued exclusively state law. As such, nothing in the brief would have alerted the appeals court to the federal nature of the questions presented.

Petitioner did raise his due process claims in his Petition for Review to the Oregon Supreme Court. Nevertheless, the due process claims remain unexhausted and defaulted. The Oregon Supreme Court "may only consider questions which were 'properly before' the Court of Appeals."

*Von Berckefeldt v. Hall*, Case No. 02-CV-927-CO, 2005 WL 1566650 *7 (D. Or. 2005) (citing Or. R. App. P. 9.20(2) and *State v. Castrejon*, 317 Or. 202, 208-12, 856 P.2d 616 (1993)), *aff'd*, 200 Fed. Appx. 642 (9th Cir. 2006); *see also Reese v. Baldwin*, 282 F.3d 1184, 1192 (9th Cir. 2002) ("[u]nder Oregon law, claims may not be presented in a petition for review to the Oregon Supreme Court unless they are first raised in front of the Oregon Court of Appeals"), *rev. on other grnds, Baldwin v. Reese*, 541 U.S. 27 (2004).

Because Petitioner failed to present his due process claims to the Oregon Court of Appeals, they are procedurally defaulted. In the absence of a showing of cause and prejudice or a fundamental miscarriage of justice excusing the procedural default, habeas corpus relief on Petitioner's due process claims must be denied.

## II.    *Ex Post Facto* Claims

Petitioner concedes he did not raise a federal *ex post facto* claim in state court based upon the Board's use of a psychologist, rather than a psychiatrist, to evaluate Petitioner's eligibility for parole. He argues, however, that the state is judicially estopped from asserting the claim was procedurally defaulted because in the proceedings before the Board, the Board repeatedly told Petitioner it was applying the rules in effect at the time he committed his offense, but when the case was before the Oregon Court of Appeals the State argued the Board could properly apply the law in effect at the time of the parole consideration hearing. In support of his argument, Petitioner relies upon the recent Ninth Circuit Court of Appeals decision in *Whaley v. Belleque*, 520 F.3d 997 (9th Cir. 2008).

In *Whaley*, the petitioner attempted to present a constitutional challenge to his parole conditions in state court. The state represented in the Oregon Court of Appeals that the constitutional challenge was moot under Oregon law because the petitioner had been removed from parole and re-incarcerated. Petitioner did not challenge this assertion, and the Oregon Court of Appeals dismissed the appeal. The petitioner then sought federal habeas corpus relief. There, the state argued that his constitutional claims were *not* moot, that the petitioner was obligated to seek review of the appeal court's dismissal to the Oregon Supreme Court, and that the petitioner's failure to do so constituted a procedural default. In support of this argument the state cited a prior Oregon case which contradicted the position it took on the mootness of Petitioner's claims before the Oregon Court of Appeals.

The Ninth Circuit found that the state improperly "created an advantage for itself by arguing to the Oregon court that Whaley's claims were moot." *Whaley*, 520 F.3d at 1002. As such, the state was judicially estopped from taking the opposite position in the federal case. *Id.*; *see also Russell v. Rolfs*, 893 F.2d 1033, 1037-38 (9th Cir. 1990) (judicial estoppel bars a state from taking different legal positions in state and federal court in order to create a procedural default that would otherwise bar a habeas petition).

Here, the state created no such advantage for itself. The Board's statement that it applied the rules in effect at the time of Petitioner's crimes was obviously incorrect, because at that time a *psychiatric* evaluation was required, not a psychological evaluation. That statement, however, does not rise to the level of the state's actions in *Whaley*.

Petitioner was well aware he was examined by psychologists, rather than psychiatrists. Moreover, Petitioner was aware that the law in effect at the time of his offenses required a psychiatric evaluation.  Although Petitioner did not directly raise this issue in his Request for Administrative Review, he did note the change in law and the Board's failure to comply with the prior law in his Motion for Leave to Proceed With Judicial Review.  In fact, Petitioner devoted an entire section of argument in his Motion to his claim that the Board violated state law by using a psychological, rather than psychiatric, evaluation.

The Motion for Leave to  Proceed with Judicial review was filed *before* the state filed its Respondent's Brief in which it stated, for the first time, that application of the law in effect at the time of the parole consideration hearing was appropriate.  Petitioner fails to show how the state's subsequent change in position prevented him from recognizing that the failure to follow the law in effect at the time of his crime not only violated state law, but might rise to the level of a federal *ex post facto* violation.

The state is not judicially estopped from asserting the procedural default of Petitioner's *ex post facto* claim.  Petitioner procedurally defaulted the claim by failing to federalize it in the Oregon Court of Appeals.  Because no cause and prejudice or fundamental miscarriage of justice excuse the procedural default, Petitioner is not entitled to federal habeas corpus relief.

## RECOMMENDATION

For these reasons, the Amended Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered.  Should Petitioner appeal, a certificate of

appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## **SCHEDULING**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 23, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 9th day of February, 2010.

John V. Acosta
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION -

F:\Share\Acosta\07-1686gehring0209f&r.wpd